IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                  No. 2:03-cr-20065-JDB-1

JOSEPH ALEXANDER MILLER,

    Respondent.

ORDER CONSTRUING LETTER AS MOTION
AND
TRANSFERRING MOTION TO COURT OF APPEALS
AS SECOND OR SUCCESSIVE PETITION

On July 5, 2019, Defendant, Joseph Alexander Miller, filed a letter in which he requests relief from his convictions on the basis of the recent Sixth Circuit decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc) (per curiam). (Docket Entry ("D.E.") 110.) The Court construes the letter as a motion to vacate, set aside, or correct sentence pursuant 28 U.S.C. § 2255. For the reasons that follow, the motion must be transferred to the Sixth Circuit Court of Appeals.

Defendant previously filed a § 2255 petition, which the Court denied in 2009. (*See Miller v. United States*, No. 2:05-cv-02180-STA-tmp, D.E. 29 (Mar. 30, 2009 W.D. Tenn.).) The motion now before the Court presents a new ground for habeas relief, and therefore constitutes a second or successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (holding a claim filed subsequent to a first § 2255 petition which asserts a "new ground for relief" is a second or successive petition) (citing 28 U.S.C. § 2244(b)).

"Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not yet obtained authorization from the Sixth Circuit to file his new claim. The motion is therefore TRANSFERRED to the United States Court of Appeals for the Sixth Circuit. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that district courts should transfer to the appellate court second or successive petitions filed without authorization from the Sixth Circuit).

IT IS SO ORDERED this 12th day of July, 2019.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE