IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    No. 2:03-cr-20065-JDB-1

JOSEPH ALEXANDER MILLER,

    Respondent.

ORDER TRANSFERRING § 2255 MOTION TO THE COURT OF APPEALS
AS A SECOND OR SUCCESSIVE PETITION

On February 4, 2020, Defendant, Joseph Alexander Miller, filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 119.) He asserts in his motion that defense counsel provided ineffective assistance at the plea stage. (*Id.* at PageID 202.)

Defendant previously filed a § 2255 petition, in which he maintained that counsel gave him incorrect advice at the plea stage. (*See Miller v. United States*, No. 2:05-cv-02180-STA-tmp, D.E. 1 at PageID 7 (W.D. Tenn.).) The Court denied the Petition in 2009, (*id.*, D.E. 29), and the Sixth Circuit Court of Appeals denied a certificate of appealability, (*id.*, D.E. 33). The motion now before the Court constitutes a second of successive petition. *See* 28 U.S.C. § 2244(b)); *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

"Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not yet obtained authorization from the Sixth Circuit to file his claim. The motion is therefore TRANSFERRED to the United States Court of Appeals for the Sixth Circuit. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding

that district courts should transfer to the appellate court second or successive petitions filed without authorization from the Sixth Circuit).

IT IS SO ORDERED this 5th day of February 2020.

s/ J. DANIEL BREEN  
UNITED STATES DISTRICT JUDGE